# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| JOYCE CLAIRE HOLLINSHEAD SUDA, | No. 59657-1-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | UNPUBLISHED OPINION |
| Respondent. | |

VELJACIC, A.C.J. — Joyce Hollinshead Suda appeals from the Department of Social and Health Services' (DSHS) determination that she financially exploited a vulnerable adult. She argues that the funds she used to reimburse herself belonged to her father's estate, for which she served as the personal representative, and that the funds did not belong to the vulnerable adult.

The Board of Appeals' (Board) legal conclusion that the funds Hollinshead Suda used to reimburse herself were property of the vulnerable adult, rather than the estate, is an error of law. Accordingly, we reverse. Because we reverse on this basis, we do not address the other arguments the parties raised.

FACTS[1]

Hollinshead Suda was named attorney-in-fact for her mother, DH, in 2018. The durable power of attorney (DPOA) specified that Hollinshead Suda could not be compensated for her services.

On June 16, 2020, Hollinshead Suda's father, Donald Hollinshead, who was DH's husband, died. His will was admitted to probate, and Hollinshead Suda was confirmed as personal representative of his estate and granted letters testamentary with nonintervention powers. DH was the sole beneficiary of the estate. Around this time, Visiting Angels, a homecare services organization, provided in-home services to DH, who was 95 years old, for tasks like meal preparation, household chores, and personal care.

Hollinshead Suda travelled from Minnesota, where she lived, to Olympia to administer the estate. During this time, she billed $50 per hour for her services to the estate. Hollinshead Suda kept a daily record of her time and the expenses she billed the estate. She billed the estate a total of $43,718.80.

In November, DSHS received a report alleging that Hollinshead Suda had financially exploited a vulnerable adult, DH. DSHS initiated an investigation.

In March 2021, the court in the estate action removed Hollinshead Suda as personal representative for the estate. The court entered a judgment against Hollinshead Suda for $51,309.24 in favor of the estate, and she was required to pay DH's attorney fees. Hollinshead Suda did not object and agreed to the entry of this order.

---

[1] Portions of this factual account are taken from the Board's findings of fact, which are not challenged on appeal.

In September 2021, DSHS found that Hollinshead Suda had financially exploited a vulnerable adult, DH. DSHS sent Hollinshead Suda a notice informing her that:

> Between 7/20 and 12/30/20, while acting as attorney-in-fact for a vulnerable adult, you breached your fiduciary duty when you used the vulnerable adult's monies for your own benefit and not for the benefit of the vulnerable adult. . . . You made unnecessary expenditures without the vulnerable adult's knowledge or permission, for your own benefits totaling $68,602.02. Expenditures include but are not limited to, unauthorized payments to yourself, travel costs, and payments to individuals other than the vulnerable adult.[2]

Admin. Rec. (AR) at 4-5.

Hollinshead Suda requested an administrative hearing. At the hearing, DSHS argued that the amount at issue in its allegation was approximately $49,000. The administrative law judge (ALJ) reversed DSHS's finding and concluded that there was no evidence the improper expenses were "written or incurred pursuant to, or in [Hollinshead Suda's] role as attorney-in-fact for [DH]." AR at 31.

DSHS petitioned to the Board for review of the ALJ's decision. The Board reversed the ALJ's order and reinstated DSHS's finding that Hollinshead Suda had financially exploited DH, a vulnerable adult. The Board found that Hollinshead Suda billed the estate during October and November for tasks that appeared to be related to caring for DH, rather than settling the estate.

The Board's finding of fact 16 included that Hollinshead Suda "itemized the hours she billed to the estate, *and ultimately* [DH], as sole beneficiary of the estate. Although, much of [Hollinshead Suda's] billed time was spent completing tasks to manage Donald [Hollinshead's] estate, the estate ([*DH's*] *inheritance*) was also billed for tasks that were primarily for the benefit of [DH]." AR at 5 (emphasis added).

---

[2] The initial allegation also stated that Hollinshead Suda cashed out certificates of deposit which caused DH to incur tax penalties and interest loss; however, this allegation was later abandoned.

Finding of fact 17 included that Hollinshead Suda "charged Donald [Hollinshead's] Estate (*and ultimately* [*DH's*] *inheritance*) for approximately one hundred and twenty (120) hours of tasks, discussions, and phone calls that were primarily for DH's benefit."  AR at 9.

Beside the findings of fact relating to DH's potential inheritance, the Board made no finding of fact that Hollinshead Suda improperly used DH's property.

The Board made conclusion of law 17:

As stated above, the DPOA giving [Hollinshead Suda] the ability to control [DH's] assets and property specifically outlined that [Hollinshead Suda] could not be paid for the tasks that she completed for [DH's] benefit.  In spite of this restriction, [Hollinshead Suda] billed [*DH's*] *inheritance* approximately $6,000.00 for tasks, discussions, and phone calls that she completed for [DH] during the months of October 2020 and November 2020.  Additionally, there existed no formal documentation of gifting regarding this $6,000.00 deducted from [*DH's*] *inheritance* and paid to [Hollinshead Suda].  Therefore, [Hollinshead Suda's] transfer of $6,000.00 of [*DH's*] *inheritance* to [Hollinshead Suda] to pay for tasks, discussions, and phone calls that were primarily for [DH's] benefit, in spite of the DPOA prohibiting [Hollinshead Suda] from receiving compensation for acting as [DH's] [D]POA, constituted a breach of the DPOA signed by [DH].  Each of [Hollinshead Suda's] payments to herself, using [*DH's*] *inheritance* to pay for tasks, discussions, and phone calls that were primarily for [DH's] benefit during the months of October 2020 and November 2020, breached [Hollinshead Suda's] fiduciary duty to [DH] and constituted an ***improper*** use of [DH's] resources under the August 9, 2018, DPOA signed by [DH].

AR at 18 (some emphasis added).

The Board also made conclusion of law 18, as follows:

In this matter, [Hollinshead Suda's] use and control over [*DH's*] *inheritance funds* resulted in [Hollinshead Suda's] profit or advantage and [DH's] disadvantage. [Hollinshead Suda] transferred $6000.00 of [*DH's*] *inheritance* to herself . . . for tasks, discussions, and phone calls, that should have been completed without compensation pursuant to the DPOA signed August 9, 2018.  Pursuant to RCW 74.34.020(7), [Hollinshead Suda's] improper use of $6,000.00 of [*DH's*] *inheritance* to repay herself . . . for tasks, discussions, and phone calls during the months of October 2020 and November 2020, resulted in a breach of [Hollinshead Suda's] fiduciary duty to [DH], benefited [Hollinshead Suda] to [DH's] disadvantage, and constituted financial exploitation of a vulnerable adult.

AR at 18 (emphasis added).

The Board concluded that these payments to Hollinshead Suda from DH's potential inheritance breached the fiduciary duty she held under the DPOA—the duty not to receive compensation, and this constituted financial exploitation of a vulnerable adult. The Board concluded that although the payments were billed as work for the estate, they "were actually incurred pursuant to [Hollinshead Suda's] role as DH's attorney-in-fact." AR at 19.

Hollinshead Suda petitioned for judicial review of the Board's final order. The superior court adopted the findings of fact in the Board's final order and found that they were supported by substantial evidence. The court found that DSHS did not abuse its discretion in finding that Hollinshead Suda financially exploited DH. a vulnerable adult, and it affirmed the Board's final order.

Hollinshead Suda appeals.

ANALYSIS

I.    REVIEW OF THE BOARD'S ORDER

Hollinshead Suda argues that the funds at issue belonged to the estate. We conclude that the Board's conclusions of law that the estate funds were DH's funds is erroneous.

A.    Legal Principles

"The Administrative Procedure Act (APA), RCW 34.05.570, governs judicial review of an agency order." *Nationscapital Mortg. Corp. v. Dep't of Fin. Insts.*, 133 Wn. App. 723, 737, 137 P.3d 78 (2006). "We review an agency order in adjudicative proceedings under RCW 34.05.570(3)." *Brown v. Dep't of Soc. & Health Servs.*, 145 Wn. App. 177, 182, 185 P.3d 1210 (2008). This statute provides, in part, that "we must grant relief if the agency has erroneously interpreted or applied the law." *Id.*; RCW 34.05.570(3)(d).

"The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). When reviewing an agency decision, we sit "'in the same position as the superior court'" and "'apply the standards of [ch. 34.05 RCW] directly to the record before the agency." *Burnham v. Dep't of Soc. & Health Servs.*, 115 Wn. App. 435, 438, 63 P.3d 816 (2003) (quoting *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hrg's Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998)).

"We view the evidence in the light most favorable to the party who prevailed in the highest forum that exercised fact-finding authority." *Brown*, 190 Wn. App. at 593. We review findings of fact for substantial evidence which is evidence "of a sufficient quantum to persuade a fair-minded person of the truth of a declared premise." *Nationscapital Mortg. Corp.*, 133 Wn. App. at 738. Unchallenged findings of fact are verities on appeal. *Id*.

We review legal issues de novo, but "we accord substantial weight to the agency's interpretation of the law it administers—especially when the issue falls within the agency's expertise*." Ames v. Health Dep't Med. Quality Health Assurance Comm'n*, 166 Wn.2d 255, 261, 208 P.3d 549 (2009). "'The [Board's] conclusions of law must [] flow from its findings.'" *O.M.A. Constr., Inc. v. Dep't of Lab. & Indus.*, 30 Wn. App. 2d 893, 900, 550 P.3d 509 (quoting *Henry Indus., Inc. v. Dep't of Lab. & Indus.*, 195 Wn. App. 593, 600, 381 P.3d 172 (2016)), *review denied*, 3 Wn.3d 1028, 559 P.3d 491 (2024).

The Abuse of Vulnerable Adults Act was enacted, in part, to protect vulnerable adults who "'may be subjected to abuse, neglect, financial exploitation, or abandonment by a family member.'" *In re Vulnerable Adult Pet. for Knight*, 178 Wn. App. 929, 937-38, 317 P.3d 1068 (2014) (quoting RCW 74.34.005(1)). RCW 74.34.020(7) defines "financial exploitation" as "the illegal or improper use, control over, or withholding of the property, income, resources, or trust funds *of the vulnerable adult* by any person or entity for any person's or entity's profit or advantage other than for the vulnerable adult's profit or advantage." (Emphasis added.) "Financial exploitation" includes

> [t]he breach of a fiduciary duty, including, but not limited to, the misuse of a power of attorney, trust, or a guardianship appointment, that results in the unauthorized appropriation, sale, or transfer of the property, income, resources, or trust funds *of the vulnerable adult* for the benefit of a person or entity other than the vulnerable adult.

RCW 74.34.020(7)(b) (emphasis added). The statute does not provide a threshold amount that must be met to qualify as "financial exploitation." *See* RCW 74.34.020(7).

B.     Analysis

Hollinshead Suda argues that she could not have financially exploited DH because the funds at issue did not belong to DH. We agree with Hollinshead Suda that at the time the funds were used to reimburse Hollinshead Suda, the funds were not the property of DH but rather were the property of the estate.

As stated above, RCW 74.34.020(7)(b) provides that "financial exploitation" includes the improper use of property "of the vulnerable adult."

But property of an estate does not become property of its heirs until an estate is closed. *In re Estate of Peterson*, 12 Wn.2d 686, 734, 123 P.2d 733 (1942) (heirs may not treat estate property as their own until estate is closed). This principle was more recently cited with approval in *In re Estate of Jones*, 152 Wn.2d 1, 14, 93 P.3d 147 (2004).[3]

The Board repeatedly found that Hollinshead Suda was improperly billing DH's inheritance. These findings and the resulting conclusions assume that the estate's assets were DH's property because she was the estate's sole beneficiary. But that assumption is incorrect. Instead, the estate's assets do not become the beneficiary's property until the estate is closed. Even if Hollinshead Suda was improperly using estate funds to reimburse herself, she was doing so to the detriment of the estate, not DH. Under RCW 34.05.570(3)(d) we must reverse based on this error of law.

Because we reverse, we need not reach the remaining issues on the merits the parties raised.

II.    ATTORNEY FEES ON APPEAL

Hollinshead Suda requests attorney fees pursuant to RAP 18.1 and RCW 4.84.350. RCW 4.84.350(1) provides that a "court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court

---

[3] *See also* RCW 11.76.030:

> When the estate shall be ready to be closed, such personal representative shall . . . set out the names and addresses, as nearly as may be, of all the legatees and devises in the event there shall have been a will, and the names and addresses, as nearly as may be, of all the heirs who may be entitled to share in such estate, and shall give a particular description of all the property of the estate remaining undisposed of, and shall set out such other matters as may tend to inform the court of the condition of the estate, and it may ask the court for a settlement of the estate and distribution of property and the discharge of the personal representative.

finds that the agency action was substantially justified or that circumstances make an award unjust."

However, RAP 18.1(b) states that to be entitled to attorney fees, a party must "devote a section of its opening brief to the request for the fees." Hollinshead Suda failed to do so. Therefore, we deny Hollinshead Suda's request for attorney fees.

CONCLUSION

We reverse the Board's order affirming DSHS's determination that Hollinshead Suda financially exploited DH.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Lee, J.